UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH D. NEFF, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMMISSIONERS OF CENTRE COUNTY, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:21-CV-01342 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is an amended complaint seeking damages and injunctive relief filed by *pro se* prisoner-Plaintiff Keith D. Neff on November 9, 2021.[1] (Doc. 49). At all times relevant to this case, Neff was incarcerated at the Schuylkill County Prison, located in Pottsville, Pennsylvania. (Doc. 1, at 3; Doc. 49, at 1). In his amended complaint, Neff seeks punitive damages and injunctive relief against a variety of county officials and law enforcement and prison personnel from Centre County, Columbia County, Delaware County, Lackawanna County, Snyder County, Berks County, Lycoming County, Huntingdon County, Elk County, Cambria County, and Blair County. (Doc. 49). The Court has conducted its statutorily-mandated screening of the amended complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the

---

[1] In his complaint, Neff listed the following additional unnamed Plaintiffs: (1) Schuylkill County Inmates, (2) Lycoming County Inmates, (3) Huntingdon County Inmates, (4) Elk County Inmates, (5) Cambria County Inmates, and (6) Blair County Inmates. (Doc. 1, at 16-26). The amended complaint does not list additional Plaintiffs. (Doc. 49).

Court finds that the amended complaint fails to state a claim upon which relief may be granted and grants Neff leave to file a second amended complaint.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Neff, proceeding *pro se*, initiated the instant action by filing the complaint on July 30, 2021.[2] (Doc. 1). On August 26, 2021, the Court granted Neff's applications for leave to proceed *in forma pauperis*. (Doc. 12). After conducting its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the Court found that the complaint failed to state a claim upon which relief can be granted and granted Neff leave to file an amended complaint. (Doc. 13; Doc. 14).

On November 9, 2021, Neff filed the amended complaint asserting claims against the named Defendants pursuant to 42 U.S.C. § 1983. (Doc. 49). From what can be gleaned from the instant pleading, Neff asserts that he was illegally transferred to Centre County Jail on June 19 and July 18, 2019, in violation of Act 122 of the Pennsylvania Prisons and Parole Code. (Doc. 49, at 1). Additionally, Neff asserts other allegations of human trafficking and racketeering in the prison system, deprivation of food and property, and cyberbullying. (Doc. 49, at 1-5). As a result, Neff alleges that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated. (Doc. 49, at 6).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) to screen the amended complaint and dismiss it if it fails to state a claim upon which relief can be granted.

---

[2] Neff also filed two applications for leave to proceed *in forma pauperis* (Doc. 5; Doc. 7), which the Court granted by separate order on August 26, 2021. (Doc. 14).

II.      **DISCUSSION**

    A.  LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil amended complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the amended complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Neff is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters

of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This

"presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must

5

permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

      B.  THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

At the outset, the amended complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, even when liberally construed as is necessary for *pro se* complaints, Neff fails to simply, concisely, and directly allege what his claims are and does not provide fair notice of the grounds on which his intended claims rest. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). He simply states that his "incarceration stemming from July 2018 involved forced labor in conformity with abuse of law and legal process in violation of Amendment XIII and § 9762 placement of confinement. . ." (Doc. 49, at 1). There is no allegation of how Neff's transfer was illegal. (Doc. 49). Additionally, Neff alleges no facts involving any Defendant besides those from Schuylkill and Centre County, nor does it state how each Defendant is personally involved in the alleged wrongdoings. (Doc. 49, at 1).

Furthermore, Neff has filed numerous documents, including supplements, amendments, "memorandums," and "writs of habeas corpus." (Doc. 9; Doc. 11; Doc. 15; Doc. 18; Doc. 19; Doc. 20; Doc. 21; Doc. 22; Doc. 23; Doc. 24; Doc. 26; Doc. 27; Doc. 28; Doc. 29; Doc. 30; Doc. 31; Doc. 32; Doc. 33; Doc. 34; Doc. 35; Doc. 36; Doc. 38; Doc. 39; Doc. 40; Doc. 41; Doc. 42; Doc. 44; Doc. 45; Doc. 46; Doc. 47; Doc. 48). The Court has reviewed these documents, construing them liberally. Notably, it appears that several of these filings, which are largely rambling and incomprehensible, overlap with other actions

involving Neff. *See Neff v. Wapinski, et al.*, No. 4:21-CV-01334 (M.D. Pa. July 30, 2021); *Neff v. Comm'rs of Centre Cty. et al.*, No. 3:21-CV-00993 (M.D. Pa. June 3, 2021). Despite the various cross-references, "[n]either Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [Neff] to submit numerous addenda to his Complaint in this piecemeal fashion." *See Lewis v. Sessions*, No. 17-CV-5475, 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017); *see also Walthour v. Child & Youth Servs.*, No. 09-CV-03660, 2009 WL 5184465, at *1-2 (E.D. Pa. Dec. 21, 2009) ("Plaintiffs' pleadings, amendments, and supplemental filings are disjointed and incomplete . . . Defendants cannot be on notice of the claims against them if they are not named in the caption, nor can they adequately respond to claims scattered throughout various pleadings and supplemental fillings."). Neff's vague and fragmented filings fail to overcome the pleading deficiencies contained in his amended complaint. (Doc. 49).

Neff runs afoul of Rule 8(a)(2)'s basic tenant that the "'plain statement' [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *See Twombly*, 550 U.S. at 545; *see also Cooper v. Link*, No. 18-CV-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his complaint as pled because it is not clear what each Defendant did to violate his rights."). Thus, in its current form, the amended complaint would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them. *See Twombly*, 550 U.S. at 555. As such, Neff's amended complaint is subject to dismissal in its entirety for failure to state a claim upon which relief may be granted. (Doc. 49).

C. L̲e̲a̲v̲e̲ ̲t̲o̲ ̲A̲m̲e̲n̲d̲

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004); *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007). As the amended complaint in its current form does not clearly set forth any claims against the Defendants, dismissal is warranted. However, so as to preserve Neff's rights as a *pro se* litigant, the Court will allow him to file a final, unified, legible second amended complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by the Defendants.

Neff is advised that the second amended complaint must be a pleading that **s̲t̲a̲n̲d̲s̲ ̲b̲y̲ ̲i̲t̲s̲e̲l̲f̲ ̲w̲i̲t̲h̲o̲u̲t̲ ̲r̲e̲f̲e̲r̲e̲n̲c̲e̲ ̲t̲o̲ ̲t̲h̲e̲ ̲o̲r̲i̲g̲i̲n̲a̲l̲ ̲o̲r̲ ̲a̲m̲e̲n̲d̲e̲d̲ ̲c̲o̲m̲p̲l̲a̲i̲n̲t̲s̲.̲** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The second amended complaint must also establish the existence of specific actions taken by the Defendants which have resulted in identifiable constitutional violations, to the extent Neff intends to bring a civil rights action under 42 U.S.C. § 1983. Further, Neff is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The second amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **F̲a̲i̲l̲u̲r̲e̲ ̲t̲o̲ ̲f̲i̲l̲e̲ ̲a̲ ̲s̲e̲c̲o̲n̲d̲ ̲a̲m̲e̲n̲d̲e̲d̲ ̲c̲o̲m̲p̲l̲a̲i̲n̲t̲ ̲i̲n̲ ̲a̲c̲c̲o̲r̲d̲a̲n̲c̲e̲ ̲w̲i̲t̲h̲ ̲t̲h̲e̲ ̲a̲f̲o̲r̲e̲m̲e̲n̲t̲i̲o̲n̲e̲d̲ ̲r̲e̲q̲u̲i̲r̲e̲m̲e̲n̲t̲s̲ ̲m̲a̲y̲ ̲r̲e̲s̲u̲l̲t̲ ̲i̲n̲ ̲t̲h̲e̲ ̲d̲i̲s̲m̲i̲s̲s̲a̲l̲ ̲o̲f̲ ̲t̲h̲i̲s̲ ̲a̲c̲t̲i̲o̲n̲ ̲i̲n̲ ̲i̲t̲s̲ ̲e̲n̲t̲i̲r̲e̲t̲y̲.̲**

III.  **CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff Keith D. Neff's amended complaint fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). (Doc. 49). Neff shall be granted thirty (30) days in which to file a second amended complaint.

An appropriate Order follows.

Dated: December 21, 2021                                            s/ Karoline Mehalchick
                                                                                  **KAROLINE MEHALCHICK**
                                                                                  **Chief United States Magistrate Judge**